IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GONSALVES, | No. C 06-2747 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 5] |
| HAROLD MONTGOMERY, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Recovery of Boat from Defendants Pursuant to California Commercial Code Section 2502 [Docket No. 5]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

## **BACKGROUND**

**A.     Factual Allegations**[1]

Plaintiff Joseph Gonsalves ("Plaintiff") is an individual who is and, at all times relevant to this action, was a resident of the County of Sonoma in the state of California. Complaint at ¶ 1.

Defendants Harold Montgomery and Frannie Montgomery (collectively, "Defendants") are individuals who do business in Bandon, Oregon, as H&F Custom Boats. *Id.* at ¶ 2.

On about December 3, 2004, Plaintiff and Defendants entered into a written contract ("Sales Contract") for Defendants to construct a twenty-five by nine foot boat with hull number RAB25142A105 (the "Boat"), pursuant to the terms of the Sales Contract, and to deliver the Boat to

---

[1] These allegations are taken from the Complaint.

Plaintiff for a purchase price of $70,000. *Id.* at ¶ 7. The Boat is for personal, family, or household purposes. *Id.* at ¶ 19.

According to Plaintiff, Plaintiff and Defendants modified the Sales Contract on numerous occasions in the following respects: 1) the Sales Contract included an engine, and since Plaintiff separately purchased and delivered an engine to Defendants, the parties orally agreed to reduce the purchase price by $26,090; 2) the parties orally agreed to certain extras for the Boat, including a trailer, that total $10,868.54; and 3) the parties orally agreed to delete certain items from the Sales Contract, including cleats, a Sampson Post, a steering wheel, a horn, a compass, a bow roller, hand rails, a bilge blower system, and a center fuel tank, for a total reduction of $3,226.83. *Id.* at 7. As modified, the purchase price, according to Plaintiff, is $51,551.71 ($70,000 minus $26,090, plus $10,868.54, minus $3,226.83) ("Modified Purchase Price"). *Id.* Plaintiff tendered and Defendants accepted the following payments toward the purchase price, totaling $54,000: $2,000 on November 11, 2004; $26,000 on December 7, 2004; $2,000 on February 14, 2005; and $24,000 on May 26, 2005. *Id.*

Plaintiff alleges that he has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the modified Sales Contract and is owed a refund of $2,448.29, for his payments in excess of the Modified Purchase Price. *Id.* at ¶ 8.

Plaintiff has delivered to Defendants items for installation on the Boat that Plaintiff purchased from third parties. *Id.* at ¶ 9. These items, which were purchased for $50,650.09, include the engine, engine accessories, cleats, a steering wheel, electronics equipment, a helm chair, a compass, a horn, an electronic position indicating radio beacon, a bow roller, a swim step, a deck wash pump, a fresh water pump, a teak utility rack, an anchor and anchor rode, deck lines, a radio and speakers, fishing rod holders, a head, an anchor wench, a stove, trim tabs, antennas, life vests, a spear gun rack, and an anchor light. *Id.*

Plaintiff alleges that Defendants refuse to deliver the completed Boat to Plaintiff without further payment in excess of the Modified Purchase Price. *Id.*

**B.     Procedural History**

On March 14, 2006, Plaintiff filed a Complaint in the Superior Court of California, Sonoma County, stating claims against Defendants for breach of contract, fraud, and recovery of goods.

On April 21, 2006, Defendants filed a Notice of Removal, removing the case to this Court, pursuant to 28 U.S.C. § 1441.

On April 28, 2006, Defendants filed their Answer.

On June 29, 2006, Plaintiff filed the instant Motion for Recovery of Boat from Defendants Pursuant to California Commercial Code Section 2502 ("Plaintiff's Motion").

On August 22, 2006, Defendants filed their Opposition to Plaintiff's Motion.

On August 29, 2006, Plaintiff filed a Reply.

## LEGAL STANDARD

**A.     Recovery**

California Commercial Code § 2502 states, in pertinent part,

> (1) Subject to subdivisions (2) and (3), and even though the goods have not been shipped, a buyer who has paid a part or all of the price of goods in which he or she has a special property under the provisions of the immediately preceding section [Cal. Com. Code. § 2501] may on making and keeping good a tender of any unpaid portion of their price recover them from the seller if either:
>
>> (a) In the case of goods bought for personal, family, or household purposes, the seller repudiates or fails to deliver as required by the contract.
>>
>> (b) In all cases, the seller becomes insolvent within 10 days after receipt of the first installment on their price.
>
> (2) The buyer's right to recover the goods under paragraph (a) of subdivision (1) vests upon acquisition of a special property, even if the seller had not then repudiated or failed to deliver.
>
> (3) If the identification creating his or her special property has been made by the buyer, he or she acquires the right to recover the goods only if they conform to the contract for sale.

Cal. Com. Code § 2502. According to the California Supreme Court, "[R]epudiation may be express or implied. An express repudiation is a clear, positive, unequivocal refusal to perform; an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to

3

make substantial performance of his promise impossible." *Taylor v. Johnston*, 15 Cal. 3d 130, 137 (Cal. 1975).  The California Commercial Code explains repudiation as follows:

> It is not necessary for repudiation that performance be made literally and utterly impossible. Repudiation can result from action which reasonably indicates a rejection of the continuing obligation [to perform] . . . . Under the language of this section, a demand by one or both parties for more than the contract calls for in the way of counter-performance is not in itself a repudiation nor does it invalidate a plain expression of desire for future performance. However, when under a fair reading it amounts to a statement of intention not to perform except on conditions which go beyond the contract, it becomes a repudiation.

Cal. Com. Code § 2610 cmt. 2.

The right of recovery provided by California Commercial Code § 2502 applies to goods in which the buyer has a special property interest, pursuant to California Commercial Code § 2501, which states, in pertinent part:

> The buyer obtains a special property and an insurable interest in goods by identification of existing goods as goods to which the contract refers even though the goods so identified are nonconforming and he has an option to return or reject them. Such identification can be made at any time and in any manner explicitly agreed to by the parties. In the absence of explicit agreement identification occurs
>
>   (a) When the contract is made if it is for the sale of goods already existing and identified;
>
>   (b) If the contract is for the sale of future goods other than those described in paragraph (c), when goods are shipped, marked or otherwise designated by the seller as goods to which the contract refers.
>
>   (c) If the contract is for the sale of unborn young or future crops, when the crops are planted or otherwise become growing crops or the young are conceived.

Cal. Com. Code § 2501(1).

## ANALYSIS

**A.     Choice of Law**

As a preliminary matter, the Court finds that California law applies to this case.  First, because this is a diversity jurisdiction case, the Court must apply California choice of law rules: "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state."  *Estate of Darulis v. Garate*, 401 F.3d 1060, 1062 (9th Cir. 2005).  Under California choice-of-law rules, the Court applies California state law, unless the parties raise an objection:

4

> The fact that two states are involved does not in itself indicate that there is a "conflict of laws" or "choice of law" problem. . . . "Only 'when it is suggested that the law of a foreign state should furnish the rule of decision' must the forum determine the governmental policy of its own and the suggested foreign laws, preparatory to assessing whether either or both states have an interest in applying their policy to the case." In short, generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state.

*Hurtado v. Superior Court*, 11 Cal. 3d 574, 580, 581 (Cal. 1974) (citations omitted).  None of the parties object to the application of California law.  To the contrary, both parties raise arguments based exclusively on California state law.  Thus, the Court finds that California state law applies in determining the merits of the instant motion.

**B.  Recovery**

**1.  Introduction**

Plaintiff argues that, pursuant to California Commercial Code § 2502 ("section 2502"), Plaintiff has the right to "immediately . . . recover the Boat from defendants."  Plaintiff's Motion ("Plaintiff's Mot.") at 1-2.  Plaintiff's Motion requests that the Court order Defendants to "immediately release the Boat to plaintiff."  *Id*.  In order to satisfy the standard for this relief, Plaintiff requests that the Court "confirm the following": 1) Plaintiff fully paid Defendants for the Boat; 2) Defendants refuse to release the Boat to Plaintiff; 3) the Boat is a specially manufactured movable thing and, consequently, is a "good" that is subject to the California Commercial Code, pursuant to California Commercial Code § 2102; 4) the Boat is existing and identified and, therefore, is capable of being transferred, pursuant to California Commercial Code § 2105; 5) since the Boat is a good capable of being transferred, Plaintiff has a special property interest in the Boat, pursuant to California Commercial Code § 2501; 6) Plaintiff purchased the Boat for personal, family, or household purposes; and 7) pursuant to California Commercial Code § 2502, because Plaintiff has a special property interest in the Boat; purchased it for personal, family, or household purposes; and fully paid Defendants for the Boat, Plaintiff is entitled to recover the Boat from Defendants now.  Plaintiff's Mot. at 2.

Plaintiff "vigorously disputes that [Defendants are] owed anything more for the Boat."

Reply at 1. Plaintiff argues, however, that "the Court may delay resolution of that dispute in a way that protects [Defendants] while ordering that [Defendants] turn the Boat over to Plaintiff pursuant to [California] Commercial Code section 2502." *Id.* Specifically, Plaintiff offers to place $26,558.82, the amount that Defendants claim that they are owed by Plaintiff, in an escrow account. *Id.* If the result of this action is that Defendants are entitled to those funds, then the escrow account funds will be released to Defendants. *Id.* In the meantime, Plaintiff requests, pursuant to section 2502, that the Court either order Defendants to a) immediately complete the Boat and release it to Plaintiff or b) release the Boat to Plaintiff in its current unfinished state. *Id.* at 1-2.

In their Opposition, Defendants dispute that California Commercial Code § 2502 permits the recovery sought by Plaintiff. Opp. at 2. Defendants argue that recovery of the boat by Plaintiff would constitute unjust enrichment. Opp. at 2.

The analysis below is arranged in order of the seven inquiries presented by Plaintiff. For the reasons stated below, the Court DENIES Plaintiff's Motion.

**2.    Payment for the Boat**

Plaintiff requests that the Court "confirm" that Plaintiff fully paid Defendants for the Boat. Plaintiff's Mot. at 2. The Court is unable to "confirm" this fact and must defer this factual inquiry to the jury. As noted above in the Factual Allegations section, Plaintiff argues that, following a series of oral modifications to the Sales Contract between Plaintiff and Defendants, the purchase price of the Boat was reduced from $70,000 to $51,551.71. Complaint at ¶ 7; Gonsalves Decl. at ¶ 5; Plaintiff's Mot. at 3-4. Plaintiff claims that he has paid Defendants $54,000 to date. Complaint at ¶ 7; Gonsalves Decl. at ¶ 4. Defendants confirm that Plaintiff has paid $54,000, but Defendants argue that, based on the oral modifications to the Sales Contract, Plaintiff still owes $26,558.82 for the Boat. Def. Opp. at 7; Montgomery Decl. at ¶¶ 4, 10. Defendants' prices for the labor and parts affected by the oral modifications, set forth in the Declaration of Harold Montgomery, are at odds with the prices set forth by Plaintiff in the Declaration of Joseph Gonsalves. Montgomery Decl. at ¶¶ 5-10; Gonsalves Decl. at ¶¶ 3-5. The Court is unable to reconcile this conflict. Defendants have

requested a jury trial in this matter. Notice of Removal at ¶ 5. As the Ninth Circuit has held, "[w]here the facts are disputed, their resolution and determinations of credibility 'are manifestly the province of a jury.'" *Wall v. County of Orange*, 364 F.3d 1107, 1110 (9th Cir. 2004).

### 3. Defendants' Refusal to Release the Boat to Plaintiff

Plaintiff requests that the Court "confirm" that Defendants "refuse to release the Boat to Plaintiff." Plaintiff's Mot. at 2. Defendants argue that they "have not failed to deliver the boat as required by the contract—it is not finished." Def. Opp. at 7. Defendants explain that they "stopped working on the incomplete boat after Plaintiff initiated the present litigation." *Id.* Defendants argue that they should "be allowed the opportunity to complete the boat contracted for and tender it to the Plaintiff." Def. Opp. at 7. Plaintiff's phrase that "[D]efendants refuse to release the Boat to Plaintiff" is open to multiple constructions. This statement could be read to mean that Defendants will not release the Boat to Plaintiff under any circumstances. Alternately, this statement could be read to state simply that Defendants have thus far refused Plaintiff's requests for release of the Boat. As was the case with facts surrounding payment, to the extent that Defendants' representations are at odds with "refus[ing] to release the Boat to Plaintiff," that conflict can only be resolved by the jury. *Wall*, 364 F.3d at 1110.

### 4. The Boat is a "Good" in which Plaintiff has a Special Property Interest

Plaintiff requests that the Court "confirm" the following three arguments: a) the Boat is a specially manufactured movable thing and, consequently, is a "good" that is subject to the California Commercial Code, pursuant to section California Commercial Code § 2102; b) the Boat is existing and identified and, therefore, is capable of being transferred,[2] pursuant to California Commercial Code § 2105; c) since the Boat is a good capable of being transferred, Plaintiff has a special property interest in the Boat, pursuant to California Commercial Code § 2501. Plaintiff's Mot. at 2. Because all three issues are closely related, this section will address these issues together.

---

[2] The California Commercial Code uses the terminology "interest . . . can pass" instead of "transfer." Cal. Com. Code § 2105. These two phrases are used interchangeably below.

7

Both Plaintiff and Defendants agree that the California Commercial Code applies to the Contract for Sale and governs whether the Boat is a good that is existing and identified and transferable and in which Plaintiff has a special property interest. Plaintiff's Mot. at 5; Opp. at 4-6. The Court finds that the California Commercial Code does indeed apply to and govern these issues, as explained below. Pursuant to California Commercial Code § 2102, the California Commercial Code "applies to transactions in goods." Cal. Com. Code. § 2102. The California Commercial Code defines goods, in pertinent part, as follows:

> (1) "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Division 8) and things in action.
>
> (2) Goods must be both existing and identified before any interest in them can pass. Goods which are not both existing and identified are "future" goods. A purported present sale of future goods or of any interest therein operates as a contract to sell.

Cal. Com. Code § 2105. Pursuant to California Commercial Code § 2102 cmt. 5, "The question of when an identification of goods takes place is determined by the provisions of Section [2501]." California Commercial Code § 2501 states, in pertinent part,

> (1) The buyer obtains a special property and an insurable interest in goods by identification of existing goods as goods to which the contract refers even though the goods so identified are nonconforming and he has an option to return or reject them. Such identification can be made at any time and in any manner explicitly agreed to by the parties. In the absence of explicit agreement identification occurs
>
>    (a) When the contract is made if it is for the sale of goods already existing and identified;
>
>    (b) If the contract is for the sale of future goods . . . when goods are shipped, marked or otherwise designated by the seller as goods to which the contract refers;

Cal. Com. Code § 2501(1).

Defendants argue that the Sales Contract was for the "sale of future goods" because the boat did not "exist[]" at the time the parties signed the Sales Contract. Opp. at 4. Plaintiff does not dispute this statement.

Defendants state that the Boat is currently "unfinished" and "consists of a shell and large number of parts." Opp. at 4; Montgomery Decl. at ¶ 5. Defendants thus argue that the Boat still

8

1  "cannot be said to be [in] existence." Opp. at 4.  "Goods which are not both existing and identified
2  are 'future' goods."  Cal. Com. Code § 2105(2).  Interest in such goods cannot be passed.  *Id.*
3  Defendants cite only one case, *North Pacific S.S. Company v. Hall Brothers Ry. & Shipbuilding Co.*,
4  249 U.S. 119, 127 (1918), for the proposition that the Boat is not currently "a boat in the legal sense
5  because of its unfinished condition."   As Plaintiff argues, *North Pacific* is irrelevant: it addresses
6  only when a ship becomes subject to admiralty jurisdiction and has no bearing on whether or when a
7  ship qualifies as a good, for the purposes of the California Commercial Code.  Reply at 3; *North*
8  *Pacific*, 249 U.S. at 126-27.

9  Plaintiff argues that the Boat is properly characterized as a good in which interest might be
10 passed, rather than a future good, because the Boat exists and is identified.  Plaintiff argues that
11 Defendants' acknowledgment that the Boat "consists of a shell and large number of parts" is a
12 concession that the Boat is transferrable because the Boat a) "clearly exists" and b) "is identified."
13 Reply at 2.  Plaintiff cites no cases in support of his argument.

14 There are no relevant cases interpreting California Commercial Code §§ 2105 and 2501.  For
15 that matter, there are no relevant California or Ninth Circuit cases interpreting similar provisions of
16 other commercial codes.  However, because the relevant sections of the California Commercial
17 Code are adopted word-for-word from the Uniform Commercial Code ("U.C.C."),[3] the Court
18 considers as persuasive authority other cases interpreting commercial statutes based on the same
19 U.C.C. provisions.

20 In *Jones*, the Fifth Circuit interpreted Florida Statutes § 672.2-105, a statute adopted from the
21 U.C.C. and featuring the same language as California Commercial Code § 2105 (quoted above).
22 *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht*, 625 F.2d 44 (5th Cir. 1980).  The Fifth Circuit
23 held that a yacht—construction of which "was not totally complete"—is a "good," "within the
24 meaning of the Uniform Commercial Code," and that interest in that good could be passed.  *Id.* at

---

[3] *In re CFLC, Inc.*, 166 F.3d 1012, 1015 n. 3 (9th Cir. 1999) ("California has adopted the U.C.C."); U.C.C. 2-105; U.C.C. 2-501.

47, 49.

In *Holstein*, the Rhode Island Supreme Court interpreted General Laws of Rhode Island § 6A-2-501, a statute adopted from the U.C.C. and featuring the same language as California Commercial Code § 2501 (quoted above). *Holstein v. Greenwich Yacht Sales, Inc.*, 122 R.I. 211 (R.I. 1979). Although the Rhode Island Supreme Court did not cite to it, General Laws of Rhode Island § 6A-2-105 is also adopted from the UCC and contains the same language defining "goods" and their transferability as California Commercial Code § 2105 (quoted above). In *Holstein*, the Rhode Island Supreme Court held that an unfinished sailboat was an identified and existing good, and that interest in the good could be passed. *Id.* at 214-16. The court held that the sailboat was identified "as goods to which the contract refers" because the purchaser "viewed the [boat] at [the shipbuilder's] yard, and the parties specifically referred to it as hull '#551' in the sales contract." *Id.* at 216. The court explained "there is no necessity that goods, to be identifiable, have to be in a deliverable state." *Id.* at 215.

In *Kinetics*, the Tenth Circuit interpreted Oklahoma Statutes title 12A, § 2-501, a statute adopted from the U.C.C. and featuring the same language as California Commercial Code § 2501 (quoted above). *Kinetics Technology International Corp v. Fourth National Bank of Tulsa*, 705 F.2d 396 (10th Cir. 1983). Although the Tenth Circuit did not cite to it, Oklahoma Statutes title 12A, § 2-105 is also adopted from the UCC and contains the same language defining "goods" and their transferability as California Commercial Code § 2105 (quoted above). *Kinetics* did not involve boats, but speaks clearly to the status of unfinished products as "goods." In *Kinetics*, the Tenth Circuit held that partially-manufactured furnace economizers were existing, identified goods, and that interest in the goods could be passed. *Id.* at 401-402. The Tenth Circuit explained,

> there is no requirement . . . that the goods be in a deliverable state or that all of the seller's duties with respect to the processing of the goods be completed in order that identification occur. . . . So long as the goods were designated as those to be incorporated into [the buyer's] eight furnace economizers, it is irrelevant that the fabrication was not complete.

*Id.*

10

In the instant case, the Court finds that a boat is a "movable" "thing[]" and thus qualifies as a good within the plain meaning of the language of California Commercial Code § 2105(1).[4] This comports with the holding of the Rhode Island Supreme Court in *Holstein* and the Fifth Circuit in *Jones*; both courts held that boats are goods within the meaning of the language adopted in the California Commercial Code. Defendants argue, and Plaintiff does not dispute, that the Boat did not exist at the time the contract was signed. Opp. at 4. Thus, as Defendants argue, the Sales Contract is a contract for the "sale of future goods." Opp. at 4; Cal. Com. Code. § 2105(2).

The Sales Contract does not indicate when identification of the Boat "as [the] good[] to which the contract refers" will occur. Cal. Com. Code § 2501(1); Plaintiff's Mot., Ex. A (Sales Contract). Therefore, pursuant to California Commercial Code § 2501(1), the Boat is considered "identified" when the Boat is "shipped, marked, or otherwise designated by the seller as goods to which the contract refers." Cal. Com. Code. § 2501(1). As explained below, the Court finds that the Boat has already been "identified" "as [the] good[] to which the contract refers." Cal. Com. Code § 2501(1). As in *Holstein*, the Boat has been assigned a hull number, and the hull number was included in the Sales Contract. Plaintiff's Mot. at 1, Ex. A (Sales Contract). Defendant Harold Montgomery refers to the Boat as "consist[ing] of a shell and large number of parts" and refers to the shop "working on [Plaintiff's] boat." Montgomery Decl, at ¶¶ 7, 9. The commentary to California Commercial Code § 2501 states, "there is no requirement in this section that the goods be in deliverable state or that all of the seller's duties with respect to the processing of the goods be completed in order that identification occur." Cal. Com. Code § 2501 cmt. 4. Defendants do not dispute that the Boat has been identified. The Court finds that, based on the hull number assignment and Defendants' references, the unfinished Boat has been clearly "designated by the seller as goods

---

[4] Although neither California courts nor other courts interpreting similar language have interpreted the term "movable," as used in California Commercial Code § 2105(1), California courts have referred to dictionaries in interpreting terms in the California Commercial Code. *Oswald Machine & Equipment, Inc. v. Yip*, 10 Cal. App. 4th 1238, 1244 n. 7 (Cal. Ct. App. 1992). Dictionaries define "movable" as "[p]roperty that can be moved or displaced, such as personal goods." BLACK'S LAW DICTIONARY 1035 (8th ed. 2004).

to which the contract refers" and hence identified. Cal. Com. Code § 2501(1). Because the "shell" and "parts" comprising the Boat are movable things, *see supra* note 4, the Court also finds that the Boat, in its present state, is an existing good, and hence one in which interest may be passed. Cal. Com. Code § 2105(2). Indeed, the three appellate courts cited above all concur that a product need not be in a finished state to qualify as a good, within the meaning of the language of the California Commercial Code. *Kinetics*, 705 F.2d at 396; *Jones*, 625 F.2d at 44; *Holstein*, 122 R.I. at 211.

Because the Boat is an existing good which has been identified, pursuant to California Commercial Code §2501(1), the Court finds that Plaintiff has "obtain[ed] a special property" interest in the Boat.

### 5. Plaintiff Purchased the Boat for Personal, Family, or Household Purposes

Plaintiff requests that the Court "confirm" that Plaintiff "purchased the Boat for personal, family, or household purposes." Plaintiff's Mot. at 2. The Declaration of Joseph Gonsalves states that Plaintiff "bought the Boat for personal, family, and/or household purposes." Gonsalves Decl. at ¶ 9. Defendants do not dispute—or, for that matter, address—this assertion. Therefore, the Court finds that Plaintiff "purchased the Boat for personal, family, or household purposes."

### 6. Plaintiff's Right to Recovery the Boat

Plaintiff requests that the Court "confirm" that, pursuant to California Commercial Code § 2502, because Plaintiff has a special property interest in the Boat; purchased it for personal, family, or household purposes; and fully paid Defendants for the Boat, Plaintiff is entitled to recover the Boat from Defendants now. Plaintiff's Mot. at 2. The Court finds that Plaintiff's argument is unavailing.

Pursuant to California Commercial Code § 2502 states, in pertinent part,

> [A] buyer who has paid a part or all of the price of goods in which he or she has a special property under the provisions of the immediately preceding section [Cal. Com. Code. § 2501] may on making and keeping good a tender of any unpaid portion of their price recover them from the seller if either:
>
> (a) In the case of goods bought for personal, family, or household purposes, the seller repudiates or fails to deliver as required by the contract.

12

    (b) In all cases, the seller becomes insolvent within 10 days after receipt of the first installment on their price.

Cal. Com. Code § 2502. As noted above, Plaintiff has a special property interest in the Boat, and Plaintiff purchased the Boat for personal, family, or household purposes. While the parties dispute whether Plaintiff has fully paid Defendants for the Boat, Plaintiff offers to place $26,558.82—the amount that Defendants argue is still owed on the Boat—in escrow, and release those funds to Defendants, "[i]f the result of this action is that [Defendants] [are] entitled to those funds." Reply at 1.

  However, in spite of these facts, Plaintiff is still unable to recover the Boat. Pursuant to California Commercial Code § 2502, Plaintiff may only recover the Boat if either "the seller repudiates or fails to deliver as required by the contract" or "the seller becomes insolvent within 10 days after receipt of the first installment on their price." Cal. Com. Code § 2502. As Defendants argue, neither of these events have occurred. Opp. at 6. First, Defendants argue that they have not repudiated the Sales Contract: they simply "stopped working on the incomplete boat after Plaintiff initiated the present litigation" and seek the "opportunity to complete the boat contracted for and tender it to the Plaintiff." Opp. at 7. According to the California Supreme Court, "repudiation may be express or implied. An express repudiation is a clear, positive, unequivocal refusal to perform; an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible." *Taylor*, 15 Cal. 3d at 137. Defendants' stated desire to continue work on and to complete the Boat, pursuant to the terms of the Sales Contract, forecloses any argument that they have expressly repudiated the Sales Contract. Moreover, Defendants argue, they have not "fail[ed] to deliver as required by the contract." Opp. at 7. As Defendants argue, the Boat is simply "not finished." *Id.* Neither party argues that the Boat was due to be completed by any particular date. The contract does not a contain a deadline. Plaintiff's Mot., Ex. A (Sales Contract). As noted above, both parties acknowledge that various oral modifications were made to the original Sales Contract and the plans for the construction of the Boat. Montgomery Decl. at ¶¶ 5-10; Gonsalves Decl. at ¶ 2. Defendant Harold

13

1  Montgomery declares that "[d]ue to the number of changes requested by [Plaintiff], the boat has had
2  a longer building schedule. . . . [U]p until [the start of the instant litigation], my shop did everything
3  that [Plaintiff] asked regarding the custom boat." Montgomery Decl. at ¶¶ 9, 11.  Plaintiff does not
4  dispute these statements.  Plaintiff only disputes the outstanding amount owed for the Boat.  Reply
5  at 1.  As noted above, the final price of the Boat is a disputed matter that must be decided by to the
6  jury.  Based on the known facts before the Court, the Court finds that Plaintiff has failed to show
7  that Defendants repudiated or failed to deliver as required by the Sales Contract.  Additionally,
8  Plaintiff does not argue that Defendants are insolvent.  Defendants specifically deny that they are
9  insolvent.  Opp. at 6.  Therefore, the Court finds that Plaintiff has failed to establish either of the two
10 possible triggers for recovery of the Boat, pursuant to California Commercial Code § 2502.[5]

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion is DENIED, for the reasons stated above.

Dated: 9/20/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[5] The Court need not address Defendants' argument that allowing recovery of the Boat would constitute unjust enrichment. Defendants argue, without citation to any authority, that "recovery of the boat" when Plaintiff still owes Defendants $26,558.82 "would constitute unjust enrichment." Opp. at 7. This argument is MOOT, as the Court DENIES recovery of the Boat, for the reasons stated above.